CONCURS SAYING:
 {¶ 18} Although I concur in this judgment, I write separately to discuss an issue which the majority does not address: whether or not answers elicited by a medical provider to questions suggested by other observers primarily concerned with investigation, and not medical treatment and diagnosis, may be admissible under Evid.R. 803(4).
 {¶ 19} The purpose of allowing other individuals to watch the interview between the medical provider and the child is to protect the child by preventing multiple interviews. Those watching the interview may include a multiplicity of individuals: police, children's services workers, or even other medical professionals. While the interview serves some investigative purpose for those watching via closed circuit television, they do not directly participate. The primary function of the interview remains the medical treatment and diagnosis of the child. Prohibiting observers from suggesting questions would not allow the interview to serve its intended purpose of protecting the child from multiple interviews: the child would still need to speak to each individual involved in the investigation rather than one medical provider.
 {¶ 20} Not only would allowing observers to suggest questions further the protection of the child, but doing so would not, as Defendant fears, broaden the net of admissibility. The protection afforded a defendant under the hearsay rules still remains because where the questions do not relate to medical diagnosis or treatment the elicited statements do not qualify for admissibility under Evid.R. 803(4). In this case, as long as Beckwith-Laube asked questions pertinent to medical diagnosis or treatment, the fact that another individual may have suggested those questions should not change the result of admissibility.
 {¶ 21} One Ohio case, State v. Goins, 12th Dist. No. CA2000-09-190, 2001-Ohio-8647, implies that the answers to any questions suggested by those primarily interested in investigation are not admissible under Evid.R. 803(4). However,Goins did not directly address the issue at hand because it dealt with a case where the observers were not permitted to suggest questions to the medical provider. Rather, the Goins
court merely stressed that the other individuals who watched the interview with the child did not influence the manner in which the doctor conducted her interview. Goins, supra.
 {¶ 22} In our case, the fact that other individuals watched the interview on closed circuit television, and could suggest questions for Beckwith-Laube to ask the child, should not alter our analysis unless testimony reveals that the hearsay statements were elicited in response to a question, suggested by those individuals interested in investigation, which was not related to medical treatment and diagnosis. The trial transcript in the case at bar implies that those watching via closed circuit television did, in fact, suggest questions to Beckwith-Laube to ask of the child. However, the transcript does not reveal the answers to several remaining pertinent questions: What were those suggested questions? Did any of Beckwith-Laube's testimony relate to the answers the child gave to those questions? Did those additional questions directly relate to medical treatment and diagnosis that Beckwith-Laube somehow overlooked during her interview with the child? Did the answers the child gave to those questions merely reiterate what he had already told Beckwith-Laube? Without the answers to these questions, I cannot find that the trial court abused its discretion in admitting the hearsay statements under Evid.R. 803(4).